**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SEAN R. MCCLURE,                                                          PLAINTIFF
ADC #155395

v.                                     1:13CV00086-BSM-JTK

WARDEN WHEATLEY                                       DEFENDANT

**ORDER**

Plaintiff McClure is a state inmate who filed a Motion to Proceed In Forma Pauperis in order to commence a pro se civil rights action under 42 U.S.C. § 1983 without prepayment of the $400.00 filing fees and costs (Doc. No. 2).[1] However, his Motion will be denied because Plaintiff has not included the necessary financial information in support.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid,

---

[1] Effective May 1, 2013, the civil filing fee increased to $400, due to the implementation of a $50 administrative fee. This $50 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

**the prisoner is required to submit a calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).**

Plaintiff indicates difficulty in getting prison officials to complete the certificate portion of his IFP application. For this reason the Clerk shall also send a copy of this Order to the Warden of the Grimes Unit, who should assist Plaintiff in obtaining a completed account certificate. **The PLRA requires that Plaintiff's custodian complete the calculation sheet/financial information as requested by the Plaintiff.** Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> (Doc. No. 2) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall submit either the $400 statutory filing fee or a completed <u>in forma pauperis</u> application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

The Clerk shall send to Plaintiff an <u>in forma pauperis</u> application and calculation sheet.

The Clerk also shall forward copies of this Order to the Warden and Business Manager of

---

[2] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

the Grimes Unit, 300 Correction Drive, Newport, AR 72112.

    IT IS SO ORDERED this 1st day of October, 2013.

                                                               _____
                                                               JEROME T. KEARNEY
                                                               UNITED STATES MAGISTRATE JUDGE